MORGAN, LEWIS & BOCKIUS LLP
Sarah J. Guske, Bar No. 232467
sarah.guske@morganlewis.com
One Market Street, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

Dion M. Bregman, Bar No. 208393
dion.bregman@morganlewis.com
Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel:    +1.650.843.7507
Fax:   +1.650.843.4001

Amanda S. Williamson (to be admitted *pro hac vice*)
amanda.williamson@morganlewis.com
Michael T. Sikora (to be admitted *pro hac vice*)
michael.sikora@morganlewis.com
110 North Wacker Drive
Chicago, IL  60606-1511
Tel:    +1.312.324.1000
Fax:   +1.312.324.1001

(*additional counsel on following page*)

Attorneys for Declaratory Judgment Plaintiff, Resonac Hard Disk Corporation and Resonac America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESONAC HARD DISK CORPORATION and RESONAC AMERICA, INC., | Case No. 5:25-cv-8631 |
| Declaratory Judgment Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| vs. | |
| MR TECHNOLOGIES GMBH, | |
| Declaratory Judgment Defendant. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1    (*additional counsel on preceding page*)

2    O'MELVENY & MYERS LLP
     Mark Liang, Bar No. 278487
3    mliang@omm.com
     Amy K. Liang, Bar No. 291910
4    aliang@omm.com
     Two Embarcadero Center, 28th Floor
5    San Francisco, CA 94111
     Tel:   +1 415 984 8700
6
     Attorneys for Declaratory Judgment Plaintiff, Resonac Hard
7    Disk Corporation and Resonac America, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Resonac Hard Disk Corporation and Resonac America, Inc. (collectively "Resonac" or "Plaintiffs") by and through their undersigned attorneys, allege as follows for their Complaint for Declaratory Judgment of Non-Infringement against Defendant MR Technologies GmbH ("MRT" or "Defendant").

## Nature of the Action

1. Resonac asserts claims for declaratory judgment of non-infringement of United States Patent Nos. 9,928,864 ("the '864 Patent"); 11,138,997 ("the '997 Patent"); and 12,020,734 ("the '734 Patent") (collectively, the "Asserted Patents").

## Parties

2. Resonac Hard Disk Corporation ("RHDC") is a Japanese corporation with its principal place of business located at 5-1, Yawata kaigan dori, Ichihara, Chiba 290-0067, Japan.

3. Resonac America, Inc. ("REA") is a California corporation with its principal place of business located at 2150 North First Street, Suite 350, San Jose, California 95131, United States of America.

4. RHDC and REA specialize in producing and distributing products for high-technology devices, including magnetic recording media used in hard disk drives ("HDDs").

5. Upon information and belief, MRT is a privately held company, having its principal place of business at Nibelungengasse 11/4, 1010 Vienna, Austria.

## Jurisdiction and Venue

6. Resonac's claims for declaratory judgment of non-infringement of the Asserted Patents arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

7. This Court has subject-matter jurisdiction over these claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. In particular, Resonac requests a declaration that Resonac and Resonac's technology do not infringe the Asserted Patents because, as detailed below in the Factual Background, MRT has asserted

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1                          Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1    unfounded claims of patent infringement of the Asserted Patents against Resonac and
2    Resonac's technology.   These claims are being asserted by MRT in at least one
3    ongoing lawsuit against one of Resonac's customers and partners, Toshiba, which
4    appears premised on Toshiba's use of magnetic recording media that is supplied by
5    Resonac.

6        8.    MRT's infringement claims, asserted in related ongoing actions against
7    Resonac's customers, threaten actual and imminent injury to Resonac that can only
8    be redressed by judicial relief and warrants the issue of a declaratory judgment, under
9    the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

10       9.    This Court has subject matter jurisdiction over this action based on a
11    real, immediate, and ongoing controversy between Resonac and MRT regarding
12    whether Resonac's technology infringes the Asserted Patents.

13       10.    The Court has specific personal jurisdiction over MRT at least because
14    MRT has purposefully availed itself of the privilege of conducting activities relating
15    to the subject matter of Resonac's claims in the state of California.   In particular,
16    MRT has repeatedly and deliberately sought to assert and to enforce its alleged rights
17    to the Asserted Patents in California and against companies based in or with
18    significant operations in California, including as to products manufactured and sold
19    by Resonac as detailed in the "Factual Background" section below.

20       11.    On August 26, 2022, MRT filed Case No. 8-22-cv-01599 in the United
21    States District Court for the Central District of California alleging infringement of,
22    among others, the '864 and '997 Patents by HDDs sold by Western Digital
23    Technologies, Inc. ("Western Digital").   Western Digital's principal place of business
24    is in San Jose, California, which is in this District.   Upon information and belief,
25    MRT continued to litigate that case in California until approximately May 2025.

26       12.    On August 22, 2024, MRT filed Case No. 8-24-cv-01848 in the United
27    States District Court for the Central District of California alleging infringement of
28    the '734 Patent by HDDs sold by Western Digital.   Upon information and belief,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                           Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1  MRT continued to litigate that case in California until approximately May 2025.

2     13.    On April 15, 2025, MRT filed Case No. 8-25-cv-00786 (the "Toshiba

3  Action") in the United States District Court for the Central District of California

4  alleging infringement of all three Asserted Patents by HDDs sold by Toshiba

5  America Electronic Components, Inc. and Toshiba Electronic Devices and Storage

6  Corporation (collectively, "Toshiba").  Upon information and belief, as of the filing

7  of this Complaint, MRT is continuing to litigate that case in California.  As detailed

8  in the Factual Background section below, in the "Toshiba Action," the accused

9  components of Toshiba's HDDs are manufactured and supplied by Resonac.

10     14.    Alternatively, because MRT's principal place of business is in Vienna,

11  Austria, personal jurisdiction would also be appropriate under Federal Rule of Civil

12  Procedure 4(k).

13     15.    The exercise of personal jurisdiction over MRT in the Court comports

14  with traditional notions of fair play and substantial justice.  MRT has not only

15  consented to having disputes relating to the Asserted Patents heard in California, but

16  it has specifically brought infringement allegations in California that relate to both

17  the Asserted Patents and Resonac products (as incorporated into Toshiba end-user

18  products, as discussed more fully below in the Factual Background section).

19     16.    Venue for Resonac's declaratory judgment claims is proper in this Court

20  under 28 U.S.C. § 1391.  *See, e.g.*, *VE Holding Corp. v. Johnson Gas Appliance Co.*,

21  917 F.2d 1574, 1583 (Fed. Cir. 1990) ("It has long been held that a declaratory

22  judgment action alleging that a patent is invalid and not infringed—the mirror image

23  of a suit for patent infringement—is governed by the general venue statutes, not by

24  § 1400(b).").  Because MRT is a foreign entity that does not reside in the United

25  States, venue over it is proper in any federal district.  *See* 28 U.S.C. § 1391(c)(3).

26     17.    REA is resident and conducts business in this District, including

27  business related to magnetic recording media.  A substantial part of the events or

28  omissions giving rise to Resonac's claims also occurred in this District.  REA has

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1    imported, stored, and sold certain magnetic recording media in the United States.

2    18.    REA has also provided services from its offices in San Jose, California

3    related to RHDC's business of selling magnetic recording media to customers.  Such

4    services have included (a) providing certain technical support in qualifying Resonac

5    magnetic recording media for customers' new programs; (b) identifying certain

6    customer product specifications, requirements, and projected volumes; (c) creating

7    certain product brochures and product specifications; and (d) contacting certain

8    potential magnetic recording media customers to facilitate entry into procurement

9    agreement(s) with RHDC.

10    19.    Further, third-party information potentially relevant to the subject

11    matter of this litigation is located in this District.  In other litigations, MRT has

12    accused HDDs sold by Seagate Technology LLC ("Seagate")[1] and Western Digital

13    of embodying the claimed technology of the Asserted Patents.  Upon information and

14    belief, information relating to such third-party products is located in this District.  For

15    example, upon information and belief, such information relating to Seagate's

16    products is located at Seagate's facility at 47488 Kato Road, Fremont, California

17    94538.  Additionally, upon information and belief, such information relating to

18    Western Digital's products is located at Western Digital's facility at 5601 Great Oaks

19    Parkway, San Jose, California 95119.

20    20.    Alternatively, should the Court conclude that a substantial part of the

21    events or omissions giving rise to Resonac's claims did not occur in this District,

22    venue would still be proper in this District under 28 U.S.C. § 1391(b)(3) because

23    MRT is subject to the Court's personal jurisdiction.

24

25    ─────────────
[1] On April 15, 2025, MRT filed Case No. 0-25-cv-01460 in the United States District Court for the District of Minnesota alleging infringement of all three Asserted Patents by Seagate Technology LLC, Seagate Technology International, Seagate Technology (Thailand), Ltd., Seagate Singapore International Headquarters PTE. Ltd., and Seagate Technology (Netherlands) B.V.  Upon information and belief, MRT continues to litigate the case as of the filing of this Complaint.  On information and belief, the Seagate defendants are collectively subsidiaries of Seagate Technology Holdings plc, which has its principal place of business in Fremont, California, which is in this District.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                                        Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1

### Intradistrict Assignment

2        21.    Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property

3    Rights Action subject to assignment on a district-wide basis.

4

### Factual Background

5        22.    In the Toshiba Action, MRT purports to be "the owner and assignee of

6    the '864 Patent with full rights to pursue recovery of royalties for damages for

7    infringement, including full rights to recover past and future damages." *Id.* ¶ 23.

8        23.    In the Toshiba Action, MRT purports to be "the owner and assignee of

9    the '997 Patent with full rights to pursue recovery of royalties for damages for

10   infringement, including full rights to recover past and future damages." *Id.* ¶ 55.

11       24.    In the Toshiba Action, MRT purports to be "the owner and assignee of

12   the '734 Patent with full rights to pursue recovery of royalties for damages for

13   infringement, including full rights to recover past and future damages." *Id.* ¶ 73.

14       25.    Independent claim 1 of the '864 Patent relates to "[a] magnetic

15   recording medium . . . ." '864 Patent, cl. 1.  Independent claim 1 of the '977 Patent

16   relates to "[a] magnetic recording system, comprising . . . a disk, including a magnetic

17   recording medium." '977 Patent, cl. 1.  Independent claim 7 of the '977 Patent relates

18   to "[a] magnetic recording medium . . . ." *Id.*, cl. 7.  And independent claim 1 of the

19   '734 Patent relates to "[a] magnetic recording system, comprising . . . a disk,

20   including a magnetic recording medium." '734 Patent, cl. 1.

21       26.    MRT filed the Toshiba Action, alleging that certain Toshiba-branded

22   HDDs products infringe claim 1 of each of U.S. Patent Nos. 9,928,864, 11,138,997,

23   and 12,020,734.  Case No. 8-25-cv-00786, Dkt. 1 ("MRT Compl.), ¶¶ 23-24, 34 ('864

24   Patent), 55-56, 66 ('997 Patent), 73-74, 85 ('734 Patent).  In relevant part, paragraph

25   24 of MRT's complaint states as follows:

26           The Accused Products include, without limitation, all HDD products listed

27           on Defendants' HDD webpages—including any OEM-branded versions or

28           variations bearing different model names:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                          Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

- https://storage.toshiba.com/consumer-hdd/internal (e.g., S300 / S300 Pro, N300 / N300 Pro, X300 / X300 Pro, P300, and L200 Series HDDs)
- https://storage.toshiba.com/consumer-hdd/external (e.g., Canvio Flex, Canvio Gaming, Canvio Slim, Canvio Advance, Canvio Advance Plus, Canvio Ready, and Canvio Basics Series HDDs)
- https://storage.toshiba.com/enterprise-hdd (e.g., MG11, MG10F, MG10, MG10-D, MG09, MG08, MG08-D, MG07, MG04, AL14SX, and AL15SE Series HDDs)
- https://storage.toshiba.com/internal-specialty-hdd (e.g., MD04-V, DT02-VH, DT02-V, NAS MN, MD07ACA, MD04, DT02, DT01, MQ04, MQ01ABD, MQ01ABF, MQ01ABU-W, MQ01ABU-BW, MQ01ACF, and MQ04-V Series HDDs)

27.    Toshiba relies upon Resonac to supply most (if not all) of the magnetic recording media for these HDD products.  Toshiba and Resonac entities have contracted for Resonac to supply magnetic recording media to Toshiba.  Upon information and belief, magnetic recording media designed, manufactured, and sold by Resonac has been embedded as the principle technical component of the accused HDD products in the Toshiba Action.

28.    Thus, upon information and belief, MRT's infringement allegations relating to the Asserted Patents directly target Resonac's products, and Resonac and MRT have a genuine case and controversy regarding the non-infringement of the Asserted Patents by Resonac's products.  In fact, Toshiba has already requested that, pursuant to the terms of a supply agreement relating to Resonac's accused magnetic recording media, Resonac indemnify and defend Toshiba with respect to MRT's infringement claims against that magnetic recording media.

## COUNT I

## Declaratory Judgment of Non-Infringement of

**U.S. Patent No. 9,928,864 ("the '864 Patent")**

29.     Resonac hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     In the Toshiba Action, MRT alleges that Toshiba infringes the '864 Patent based on Resonac's magnetic recording media supplied to Toshiba.

31.     The '864 Patent has only one independent claim—claim 1—which recites as follows:

1. A magnetic recording medium, comprising:

an essentially non-magnetic substrate;

an underlayer formed on the non-magnetic substrate; and

an exchange coupled magnetic multilayer structure, including

a hard magnetic storage layer, having a first coercive field $H_s > 0.5$ T, formed on the underlayer; and

a nucleation host, having a second coercive field $H_n$ without the hard magnetic storage layer, lower than the first coercive field, $H_n < H_s$,

wherein said nucleation host is formed on the hard magnetic storage layer such that the hard magnetic storage layer is between the nucleation host and the non-magnetic substrate, is exchange coupled to the hard magnetic storage layer, and comprises ferromagnetic layers with increasing anisotropy constant K from layer to layer.

32.     No Resonac magnetic recording media meets each and every limitation of independent claim 1 literally or by equivalents.  As one example, Resonac's products do not comprise a "nucleation host" that "comprises ferromagnetic layers with increasing anisotropy constant K from layer to layer," within the meaning the '864 Patent, claim 1.

33.     For at least this reason, Resonac's products do not directly or indirectly infringe any claim of the '864 Patent, literally or under the doctrine of equivalents, and Resonac is entitled to declaratory judgment of non-infringement as to the '864

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                              Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1  Patent.

2  **COUNT II**

3  **Declaratory Judgment of Non-Infringement of**

4  **U.S. Patent No. 11,138,997 ("the '997 Patent")**

5      34.    Resonac hereby restates and incorporates by reference the allegations

6  set forth in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

7      35.    In the Toshiba Action, MRT alleges that Toshiba infringes the '997

8  Patent based on Resonac's magnetic recording media supplied to Toshiba.

9      36.    The '997 Patent has only two independent claims—claims 1 and 7—

10  which recite as follows:

11  1. A magnetic recording system, comprising:

12          a writing head; and

13          a disk, including a magnetic recording medium, comprising

14          an essentially non-magnetic substrate

15          an underlayer formed on the non-magnetic substrate; and

16          an exchange coupled magnetic multilayer structure, including

17          a hard magnetic storage layer, having a first coercive field $H_s > 0.5$ T,

18  formed on the underlayer; and

19          a nucleation host, having a second coercive field $H_n$ without the hard

20  magnetic storage layer, lower than the first coercive field, $H_n < H_s$,

21          wherein said nucleation host is formed on the hard magnetic storage

22  layer such that the hard magnetic storage layer is between the nucleation host

23  and the non-magnetic substrate, is exchange coupled to the hard magnetic

24  storage layer, and comprises ferromagnetic layers with increasing anisotropy

25  constant K from layer to layer.

26                  *            *            *

27  7. A magnetic recording medium, comprising:

28          an essentially non-magnetic substrate;

an underlayer formed on the non-magnetic substrate; and

an exchange coupled magnetic multilayer structure, including a hard magnetic storage layer, having a first coercive field $H_s > 0.5$ T, formed on the underlayer; and

a nucleation host, having a second coercive field $H_n$ without the hard magnetic storage layer, lower than the first coercive field, $H_n < H_s$,

wherein said nucleation host is formed on the hard magnetic storage layer such that the hard magnetic storage layer is between the nucleation host and the non-magnetic substrate, is exchange coupled to the hard magnetic storage layer, and comprises ferromagnetic layers with increasing anisotropy constant K from layer to layer, wherein at least two of the ferromagnetic layers are coupled with a thin exchange coupling layer.

37.    No Resonac magnetic recording media meets each and every limitation of independent claim 1 or independent claim 7 literally or by equivalents.  As one example, Resonac's products do not comprise a "nucleation host" that "comprises ferromagnetic layers with increasing anisotropy constant K from layer to layer," within the meaning of the '997 Patent, claim 1 or claim 7.

38.    For at least this reason, Resonac's products do not directly or indirectly infringe any claim of the '997 Patent, literally or under the doctrine of equivalents, and Resonac is entitled to declaratory judgment of non-infringement as to the '997 Patent.

## COUNT III

### Declaratory Judgment of Non-Infringement of

### U.S. Patent No. 12,020,734 ("the '734 Patent")

39.    Resonac hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.    In the Toshiba Action, MRT alleges that Toshiba infringes the '734 Patent based on Resonac's magnetic recording media supplied to Toshiba.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9                    Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1    41.    The '734 Patent has only one independent claim—claim 1—which

2    recites as follows:

3        1. A magnetic recording system, comprising:

4            a writing head; and

5            a disk, including a magnetic recording medium, comprising

6            an essentially non-magnetic substrate;

7            an underlayer; and

8            an exchange coupled magnetic multilayer structure, including

9            a hard magnetic storage layer, formed from a perpendicular anisotropy

10    material, having a first coercive field $H_s > 0.5$ T, formed such that the

11    underlayer is between the non-magnetic substrate and the hard magnetic

12    storage layer; and

13            a nucleation host, having a second coercive field $H_n$ without the hard

14    magnetic storage layer, lower than the first coercive field, $H_n < H_s$,

15            wherein said nucleation host is formed on the hard magnetic storage

16    layer such that the hard magnetic storage layer is between the nucleation host

17    and the non-magnetic substrate, is exchange coupled to the hard magnetic

18    storage layer, and comprises at least a first ferromagnetic layer with an

19    anisotropy constant K1 and a second ferromagnetic layer between the first

20    ferromagnetic layer and the hard magnetic storage layer with an increased

21    anisotropy constant K2 greater than K1;

22            wherein the first and second ferromagnetic layers are exchange coupled

23    with an exchange coupling layer.

24    42.    No Resonac magnetic recording media meets each and every limitation

25    of independent claim 1 literally or by equivalents.  As one example, Resonac's

26    products do not comprise a "nucleation host" that "comprises at least a first

27    ferromagnetic layer with an anisotropy constant K1 and a second ferromagnetic layer

28    between the first ferromagnetic layer and the hard magnetic storage layer with an

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                    Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1  increased anisotropy constant K2 greater than K1," within the meaning the '734
2  Patent, claim 1.

3       43.    For at least this reason, Resonac's products do not directly or indirectly
4  infringe any claim of the '734 Patent, literally or under the doctrine of equivalents,
5  and Resonac is entitled to declaratory judgment of non-infringement as to the '734
6  Patent.

7                              **Prayer For Relief**

8       WHEREFORE, Resonac prays for judgment against Defendant MRT, and
9  respectfully requests the following relief:

10      A.     A judgment that Resonac does not direct or indirectly infringe any
11             claims of the Asserted Patents, literally or under the doctrine of
12             equivalents;

13      B.     A judgment in favor of Resonac and against MRT on each of Resonac's
14             claims;

15      B.     A judgment that this is an exceptional case and that Resonac be awarded
16             its attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

17      C.     Fees, costs, and expenses in this action; and

18      D.     Such other and further relief as the Court deems just and appropriate.

19                              **Jury Demand**

20      Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6,
21  Resonac demands a jury trial on all issues and claims so triable.

22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11                              Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1    Dated: October 9, 2025                    By: */s/ Sarah J. Guske*

2                                                 MORGAN, LEWIS & BOCKIUS LLP
                                                  Sarah J. Guske
3                                                 Dion M. Bregman
                                                  Michael J. Lyons
4                                                 Amanda S. Williamson
                                                  Michael T. Sikora
5
                                                  O'MELVENY & MYERS LLP
6                                                 Mark Liang
                                                  Amy K. Liang
7
                                                  Attorneys for Declaratory Judgment
8                                                 Plaintiffs Resonac Hard Disk
                                                  Corporation and Resonac America, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12                                      Case No. 5:25-cv-8631
RESONAC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT